DISTRICT OF COLUMBIA, to Use of CAM-
BRIDGE WHEATLEY CO., v. UNITED
STATES CASUALTY CO. et al.

No. 6416.

United States Court of Appeals for the Dis-
trict of Columbia.

Decided Jan. 20, 1936.

James C. Wilkes and James E. Artis,
both of Washington, D. C., for appel-
lant.

William F. Kelly and P. J. J.
Nicolaides, both of Washington, D. C., for
appellees, Sun Indemnity Company of New
York, General Reinsurance Corporation,
Great American Indemnity Company, The
Excess Insurance Company of America, and
Guardian Casualty Company.

Christopher B. Garnett, of Washington,
D. C., for appellee, United States Casual-
ty Company.

Before MARTIN, Chief Justice, and
ROBB, VAN ORSDEL, GRONER, and
STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

This case is here upon an appeal from
a decree of the Supreme Court of the
District of Columbia dismissing, upon mo-
tion of the appellees, defendants below,
the bill of complaint of the appellant,
the plaintiff below. The appellant is Dis-
trict of Columbia, to the use of The Cam-
bridge Wheatley Co., a corporation. The
appellees are the United States Casualty
Company, Sun Indemnity Company of New
York, General Reinsurance Corporation,
Great American Indemnity Company, The
Excess Insurance Company of America,
and Guardian Casualty Company, all cor-
porations of New York.

The issues in this case are, except as
below set forth, identical with those in
Bruckner-Mitchell, Inc., v. Sun Indemnity
Company of New York (No. 6409), 65
App.D.C. 178, 82 F.(2d) 434, decided by
this court January 20, 1936. The only
difference between that case and this one
is that in No. 6409 the suit was brought
by Bruckner-Mitchell, Inc., the appellant
there, the plaintiff below, both in its own
name and in its own right, with the Dis-
trict of Columbia as a party defendant
against which no relief was sought, where-
as in the instant case the party plain-
tiff below is differently named. In the
caption the plaintiff is, as above appears,
"District of Columbia, to the use of The
Cambridge Wheatley Co., a Corporation,
appellant," but in paragraph 1 of the
bill—

"The bill of complaint of the above
named *plaintiff* respectfully shows:

"1. That it is a corporation organized
and existing under and by virtue of the
laws of the State of Delaware and *brings
this suit in its own right*." [Italics sup-
plied.]

It is thus not clear whether the suit is
technically in the name of the District
of Columbia, to the use of The Cam-
bridge Wheatley Co., or in the name of
The Cambridge Wheatley Co. itself, but
it is clear that the bill of complaint is
brought in the right of The Cambridge
Wheatley Co., a corporation, as such.
We think that this suit, brought in the
right of The Cambridge Wheatley Co.,
ought technically to have been brought
also in its name. But in case No.
6409, we held that Bruckner-Mitchell,
Inc., a materialman, was a third par-
ty beneficiary under the first reinsurance
agreements involved, and as such a real
party in interest. In this case The Cam-
bridge Wheatley Co. is a material-
man, and is a third party beneficiary un-
der the same agreements. We think the
suit not in a fatal sense improperly

454

brought. Under Equity Rule No. 2 of the Supreme Court of the District of Columbia providing—

"The court, at every state of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of a party."

the suit should have been treated and should now be treated upon its retrial as having been—

"* * * prosecuted in the name of the real party in interest * * *"

to wit, The Cambridge Wheatley Co., in accordance with the requirement of Equity Rule No. 13. Equity Rules Nos. 2 and 13 of the Supreme Court of the District of Columbia are, so far as here pertinent, parallel to Federal Equity Rules Nos. 19 and 37 respectively (28 U.S.C.A. following section 723).

The issues in the instant case being, except in respect of the procedural point just discussed, the same as those in No. 6409, the decision in that case in respect of those issues is controlling, and therefore, in accordance with that decision in respect of those issues and in accordance with this decision in respect of the procedural point herein discussed, we hold that the action of the trial court in dismissing the bill of complaint in the instant case was erroneous, and its decree is therefore

Reversed and the case remanded for trial.

The agreement and division of the court in this case in respect of the various points involved, other than the procedural point above discussed, is identical with that expressed in No. 6409.